UNITED STATES of America,
Appellee,

v.

JoAnn McCOY, Appellant.

No. 01–3052.

United States Court of Appeals,
District of Columbia Circuit.

Filed Jan. 24, 2003.

Appeal from the United States District Court for the District of Columbia (98cr00082–01).

Before: GINSBURG, Chief Judge, HENDERSON, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

# JUDGMENT

PER CURIAM:

The appellant, JoAnn McCoy, was convicted on two charges of making false statements in a loan application and on one count of perjury. Before this panel, she sought remand and reconsideration of the district court's May 9, 2001 judgment re-sentencing her to 33 months in prison and five years of supervised release for her convictions. *See generally United States v. McCoy,* 280 F.3d 1058 (D.C.Cir.2002). She contended that the district court erred in refusing to consider her objection—made pursuant to Application Note 7 of United States Sentencing Guidelines (Guidelines or U.S.S.G.) § 3C1.1—to the obstruction-of-justice enhancement that had been added to her perjury offense level. On February 22, 2002 the panel rejected McCoy's contention, holding that she waived her Note 7 argument by failing to raise it at her original sentencing. *See McCoy,* 280 F.3d at 1062–64. On June 12 the full court granted McCoy's petition for rehearing *en banc* and vacated the panel's judgment. On December 20 the *en banc* court held that Rule 32 of the Federal Rules of Criminal Procedure required the district court at resentencing to determine whether McCoy's omitting to raise her Note 7 argument was "for good cause shown." *See United States v. McCoy,* 313 F.3d 561 (D.C.Cir.2002). Concluding that the district court would not have abused its discretion in finding good cause—and that a remand to the district court for further proceedings would unnecessarily consume judicial resources—the *en banc* court remanded the case to this panel for a determination on the merits of McCoy's Note 7 argument, which we herein reject.

McCoy cites Application Note 7 for the proposition that she did not obstruct justice by repeating the same perjured testimony at her criminal trial that she made

during an earlier bankruptcy proceeding. *See* Br. of Appellant at 19–21. Note 7 provides that an obstruction enhancement

> is not to be applied to the offense level for [an underlying obstruction offense such as perjury] except if a *significant further obstruction* occurred during the investigation, prosecution, or sentencing of the obstruction offense itself . . . .

U.S.S.G. Manual § 3C1.1, cmt. n.7 (emphasis added). Acknowledging that she "has found no published cases precisely on point," Br. of Appellant at 20, McCoy proposes that "[s]imply repeating precisely the same statements that were the subject of perjury charges is not the sort of 'significant further obstruction' that can justify an exception to Application Note 7's general rule against applying obstruction enhancements to perjury convictions," *id.* at 19–20. We are reluctant to hold that Note 7 gives a defendant license to perjure herself in a criminal proceeding in order to avoid enhanced punishment for, of all things, perjury. Lying under oath to protect oneself from punishment for lying under oath seems to us—and to the Supreme Court—to be precisely the sort of "significant further obstruction" to which Note 7

refers. *See United States v. Dunnigan,* 507 U.S. 87, 97, 113 S.Ct. 1111, 1118, 122 L.Ed.2d 445 (1993) ("It is rational for a sentencing authority to conclude that [under section 3C1.1] a defendant who commits a crime and then perjures herself in an unlawful attempt to avoid responsibility is more threatening to society and less deserving of leniency than a defendant who does not so defy the trial process."). Because McCoy's Note 7 argument is without merit, the district court did not err— plainly or otherwise—in resentencing McCoy to 33 months in prison and five years of supervised release pursuant to a combined Guidelines offense level of 20. Accordingly, it is hereby

**ORDERED** that the district court's May 9, 2001 resentencing judgment is affirmed.

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* Fᴇᴅ. R.App. P. 41(b); D.C. Cɪʀ. R. 41.